**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **WHITNEY HAYWARD,**<br>*on behalf of herself and all others similarly situated,*<br><br>Named Plaintiff,<br><br>v.<br><br>**CHI LIVING COMMUNITIES,**<br>C/O Statutory Agent<br>CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:25-cv-1502<br><br>Judge<br><br>**JURY DEMAND ENDORSED HEREON** |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Named Plaintiff Whitney Hayward ("Named Plaintiff"), by and through undersigned counsel, *individually and on behalf of all others similarly situated*, with her Collective Action Complaint against Defendant CHI Living Communities ("Defendant") for Defendant's willful failure to pay Named Plaintiff and other similarly situated employees overtime wages as well as its willful failure to comply with all other requirements of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. INTRODUCTION

1. The FLSA is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA requires companies such as Defendant to pay all non-exempt employees at least one-and-one-half times (1.5x) their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207.

2. Named Plaintiff brings this Collective Action Complaint to challenge the policies and practices of Defendant that violate the FLSA, 29 U.S.C. §§ 201–19, in order to recover unpaid wages and other damages from Defendant.

3. As to Count I, Named Plaintiff seeks to prosecute FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (hereinafter the "FLSA Collective," as defined below).

4. Named Plaintiff and the FLSA Collective seek to exercise their rights to unpaid overtime wages and additional statutory liquidated damages in this matter (as applicable), other penalties, prejudgment and post-judgment interest (as applicable), costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just as a result of Defendant's companywide unlawful pay policies/practices as more fully described below.

## II. JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. *See* 29 U.S.C. § 216(b).

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Named Plaintiff's claims arose and/or emanated from companywide decisionmakers at Defendant's headquarters, which is in this judicial district and division at 930 S. Wynn Road, Oregon, Ohio 43616[1].

## III. PARTIES

### A. Named Plaintiff

7. Named Plaintiff is an individual, a citizen of the United States, and a resident of the State of Ohio.

8. During the three (3) years preceding the filing of this Complaint, Named Plaintiff has worked as an hourly, non-exempt employee for Defendant.

9. Named Plaintiff's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), attached as **Exhibit A**, and is fully incorporated by reference herein.

### B. Defendant

10. Defendant is a domestic for-profit corporation formed under the laws of the State of Ohio.

11. At all times relevant, Defendant has been an "employer" of Named Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

---

[1] *See Contact Us*, CHI LIVING COMMUNITIES, https://www.chilivingcommunities.org/contact-us (last visited July 18, 2025).

12. Defendant employs many hundreds of hourly, non-exempt employees, including Named Plaintiff and the FLSA Collective in furtherance of its business purposes at its facilities in Ohio, Colorado, Iowa, Kentucky, North Dakota, Oregon, and Wisconsin.[2]

13. During the relevant time period preceding the filing of this Complaint, it is estimated that there are in excess of several hundred, if not over one thousand, employees who are similarly situated to Named Plaintiff.

14. These hourly, non-exempt employees are all subject to the same or similar policies pertaining to computing hours worked and compensation.

15. At all times relevant, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r). More specifically, Defendant performs related activities through unified operations and common control for a common business purpose.

16. At all times relevant, Defendant has had direct or indirect control and retains the ultimate authority over Named Plaintiff's and the FLSA Collective's working conditions, including matters governing the essential terms and conditions of their employments.

17. At all times relevant, Defendant has exercised authority and control over Named Plaintiff and the FLSA Collective.

18. At all times relevant, Defendant has had the authority to (and currently does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain (or is otherwise required to maintain) employee records of Named Plaintiff and the FLSA Collective.

19. At all times relevant, Defendant is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i), and its employees handle,

---

[2] *See Our Locations*, CHI LIVING COMMUNITIES, https://www.chilivingcommunities.org/locations (last visited July 18, 2025).

sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

20. During the preceding three (3) years, Defendant has had annual gross volume of sales made or business done of at least $500,000 (exclusive of excise taxes at the retail level that are separately stated) pursuant to 29 U.S.C. § 203(s)(1)(A)(ii).

21. As alleged herein, Defendant has applied policies and/or practices pertaining to the payment of wages, including overtime and other compensation, and timekeeping uniformly to its hourly, non-exempt employees.

22. Defendant retains ultimate authority and operational control over significant aspects of the day-to-day functions of Defendant's facilities, including supervising and controlling work schedules and conditions of employment of Named Plaintiff and the FLSA Collective.

23. At all times relevant, Defendant has had direct or indirect control and authority over Named Plaintiff's and the FLSA Collective's working conditions, including matters governing the essential terms and conditions.

24. At all relevant times, Defendant has suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

25. At all times relevant, Defendant was fully aware of the fact that it was legally required to comply with federal wage and overtime laws.

## IV. FACTS

26. Named Plaintiff was employed by Defendant as an hourly, non-exempt employee in the position of State Tested Nursing Assistant ("STNA") from approximately July 17, 2024

until July 2025 at one of Defendant's facilities, named "Franciscan Care Center," located at 4111 N. Holland Sylvania Road, Toledo, Ohio 43623.

27. At all times relevant, Named Plaintiff has been an hourly, non-exempt employee.

28. In her position as an hourly, non-exempt direct care worker, Named Plaintiff primarily performed job duties related to caring for the sick or infirm. In her role, she primarily performed direct care duties and assistance to residents, including cleaning the living space of each resident, taking care of physical and psychological needs of the residents such as daily grooming, changes, feeding, hydration, mobility of residents, addressing bed sores, end of life care, and aiding the nursing team with any duty they might require help with, among others.

29. Defendant owns and operates independent living, assisted living, memory care, or skilled nursing facilities throughout the continental United States, including but not limited to in Ohio, Colorado, Iowa, Kentucky, North Dakota, Oregon, and Wisconsin.[3]

30. As part of its common business purpose, Defendant employs hundreds, if not over a thousand, hourly, non-exempt employees who perform direct care job duties for Defendant's residents at its facilities.

31. At all times relevant, Named Plaintiff and the FLSA Collective were also hourly, non-exempt employees entitled to overtime compensation at the rate of one-and-one-half times (1.5x) their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207.

32. At all times relevant, Named Plaintiff and the FLSA Collective have been non-exempt employees within the meaning of 29 U.S.C. § 203(e).

---

[3] *See Our Locations*, CHI LIVING COMMUNITIES, https://www.chilivingcommunities.org/locations (last visited July 18, 2025).

33. At all times relevant, Named Plaintiff and the FLSA Collective have been employees engaged in commerce within the meaning of 29 U.S.C. § 207.

34. At all times relevant, Named Plaintiff and the FLSA Collective are entitled to timely paid overtime compensation at the rate of one-and-one-half times (1.5x) their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207.

35. Named Plaintiff and the FLSA Collective worked overtime hours during one or more workweek(s) during their employment with Defendant.

36. Like the other FLSA Collective members, Named Plaintiff worked more than forty (40) hours in one or more workweek(s). Defendant was aware that Named Plaintiff and the FLSA Collective worked overtime hours, but Defendant did not fully and properly pay them in accordance with the minimum requirements of the FLSA for all of their compensable overtime hours worked due at the correct overtime rates as a result of the companywide policy/practice described below.

37. Defendant consistently, willfully, and intentionally failed to pay Named Plaintiff and the FLSA Collective for all hours, including overtime hours, worked at the statutory overtime rate required. 29 U.S.C. § 207.

**(Failure to Pay for All Hours Worked Due to Unpaid Meal Break Policy)**

38. Defendant required a meal break deduction of (or simply did not pay for) at least thirty (30) minutes per day from Named Plaintiff's and the FLSA Collective's compensable hours worked ("Unpaid Meal Break Policy"). Defendant applied this policy/practice in the same or similar manner to all of its direct care workers at all of its facilities.

39. In practice, however, Named Plaintiff and the FLSA Collective were often unable to take a *bona fide* meal break, took a shortened meal break, and/or otherwise were unable to take

a fully uninterrupted meal break because, as direct care workers, Defendant expected and required Named Plaintiff and the FLSA Collective to provide care and respond to inquiries and/or requests for assistance from the residents at their respective facilities regardless of if they were taking a meal break.

40. Due to the performance of their substantive job duties, Named Plaintiff and the FLSA Collective did not always receive a bona fide meal break, as they were performing their primary job duties during the supposed "breaks" or the "breaks" were shortened/interrupted by their job duties.

41. Accordingly, Named Plaintiff and the FLSA Collective worked through what were supposed to be their meal breaks or had their meal breaks shortened due to the performance of job duties for Defendant's benefit.

42. Despite Named Plaintiff and the FLSA Collective never, or infrequently, receiving a *bona fide* meal break, Defendant nevertheless automatically deducted thirty (30) minutes from (or simply did not count as compensable hours) Named Plaintiff's and the FLSA Collective's paychecks.

43. Defendant had actual or constructive knowledge that Named Plaintiff's and the FLSA Collective's meal breaks were either missed, shortened, and/or otherwise interrupted by job duties for Defendant's benefit because it trained and instructed these workers to perform such work, observed and/or became aware of them performing this work, and employees could be subject to discipline if they did not perform such work, but Defendant nevertheless failed to compensate them for this work.

44. Named Plaintiff reported to her direct supervisor and/or upper management that she was not receiving one or more fully uninterrupted meal breaks. Named Plaintiff's supervisor(s) often observed her and similarly situated others eat while working for Defendant's benefit.

45. Further, Defendant required Named Plaintiff and the FLSA Collective to provide resident care and be accessible at all times during their shifts so that they could be contacted to perform job duties at all times.

46. Defendant's intentional pay deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level.

47. As a result of Defendant's policy and/or practice to require a thirty (30) minute meal break deduction from Named Plaintiff's and the FLSA Collective's compensable hours worked for meal breaks that were not taken at all or that were interrupted by work duties, Defendant had actual or constructive knowledge that it was not compensating Named Plaintiff and the FLSA Collective for all hours worked.

48. The work performed during "meal breaks" was compensable as hours worked because Defendant required the work, the work was performed for Defendant's benefit and constituted part of the employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid as required by the FLSA.

49. Although there was no administrative difficulty in compensating Named Plaintiff and the FLSA Collective for such work or simply requiring that the employees clock in/out for such breaks (among other preventative measures), Defendant did not count the interrupted and/or missed meal breaks as compensable hours worked for purposes of computing overtime or non-overtime hours worked.

50. Despite Defendant knowing that its employees were performing unpaid work that was integral and indispensable to their job duties as described above, Defendant did not pay Named Plaintiff or the FLSA Collective for such time.

51. Thus, during all times relevant, Defendant failed to pay Named Plaintiff and the FLSA Collective for all overtime work performed because of its policies or practices described above.

52. Moreover, the unpaid work during wrongfully deducted meal break periods was part of Named Plaintiff's and the FLSA Collective's continuous workdays.

53. As a result of Defendant's failure to pay for all overtime hours worked as a result of the above practices and/or policies, Defendant failed to compensate Named Plaintiff and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employee's "regular rate[s]" of pay, which constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207.

54. Although Defendant suffered and permitted Named Plaintiff and the FLSA Collective to work more than forty (40) hours per workweek, Defendant failed to pay them overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Named Plaintiff and the FLSA Collective were not properly paid for many of their hours worked as required by the FLSA.

55. The requirement that the Named Plaintiff and the FLSA Collective work overtime was unavoidable due to continuous operations and need to prioritize resident care and immediately respond to residents' needs. Defendant's illegal pay practices were the result of systematic and company-wide policies originating at the corporate level.

56. Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Named Plaintiff and the FLSA Collective] without compensating" them for this work performed. "Management has the power to ….[and] must make every effort to" ensure all work completed during shifts – including for all work during wrongfully deducted meal break periods, as well as overtime hours at the correct overtime rate – was paid in accordance with the FLSA. *See id*.

57. Defendant, through its supervisors and/or managers, knew that Named Plaintiff and the FLSA Collective were working the time for which they were not paid, as a result of Defendant's failure to pay for all hours worked during wrongfully deducted meal break periods, as well as overtime hours, and thus Defendant's actions were deliberate and willful within the meaning of the FLSA, and Defendant lacked a good faith basis for its actions. Defendant knew that Named Plaintiff and the FLSA Collective were entitled to overtime and/or non-overtime compensation, as applicable, under federal and/or state law or acted in reckless disregard for whether they were so entitled.

58. Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA.

59. The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; and resulted in the unlawful deprivation of wages of Defendant to the detriment of Defendant's employees, including Named Plaintiff and the FLSA Collective.

**(Defendant's Recordkeeping Violations)**

60. The FLSA and state law, including Ohio law, required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C.

§ 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

61. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

62. The Department of Labor requires employers to ensure that their employees receive their full meal break.[4]

63. During all times relevant, Defendant was aware of the Department of Labor's requirement that it ensure its employees receive a fully uninterrupted meal break.

64. Defendant kept records of hours worked, or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff and the FLSA Collective.

65. However, at the time the hours worked by Named Plaintiff and the FLSA Collective were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, modified, and inaccurate and/or incomplete records which do not include all work performed during wrongfully deducted meal breaks that was required by, performed for,

[4] *See U.S. Department of Labor Fact Sheet #53, "The Health Care Industry and Hours Worked"*, UNITED STATES DEPARTMENT OF LABOR, https://www.dol.gov/agencies/whd/fact-sheets/53-healthcare-hours-worked (last viewed July 18, 2025).

and to the benefit of Defendant, which had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and the FLSA Collective.

66. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA and violated the FLSA record keeping requirements.

**(The Willfulness of Defendant's Violations)**

67. In addition to the above allegations demonstrating the willfulness of Defendant's wage violations as provided for above, Defendant knew or should have known as a substantial employer, in accordance with its obligations under the FLSA, that its workers, including Named Plaintiff and the FLSA Collective were entitled to overtime compensation under federal law.

68. By denying Named Plaintiff and the FLSA Collective overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and state law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and failed to comply with them or acted in reckless disregard as to its obligations under these laws in failing to comply with them.

69. Federal law requires employers subject to the FLSA's wage provisions, such as Defendant, to post, and keep posted, a notice explaining the overtime provisions of the FLSA in a conspicuous place in all of their establishments so as to permit employees to readily read it, which

includes the language that the employer must pay "**OVERTIME PAY**" at "[a]t least 1½ times the regular rate of pay for all hours worked over 40 in a workweek."[5]

70. Defendant knew of the overtime requirements of the FLSA or acted in reckless disregard to whether Named Plaintiff and the FLSA Collective entitled to overtime compensation. Despite Defendant's knowledge, and mental awareness, of the overtime provisions of the FLSA, Defendant failed pay overtime wages for overtime hours worked to Named Plaintiff and the FLSA Collective.

71. For the reasons explained herein, Defendant's violations of the FLSA were willful, within the meaning of the FLSA, inasmuch as Defendant had actual notice of the requirements of the FLSA.

72. Named Plaintiff and the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation pursuant to 29 U.S.C. § 260.

## V. COLLECTIVE ACTION ALLEGATIONS

73. Named Plaintiff brings Count I of this action on behalf of herself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

74. The "FLSA Collective" to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff herself is a member, is composed of and defined as follows:

> All of Defendant's current and former hourly direct care employees who were paid for 40 or more hours during one or more workweek(s) and were not paid for a meal period beginning three (3) years preceding the filing of this Complaint and continuing

[5] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/minwagep.pdf (last accessed July 18, 2025) (emphasis original).

through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").[6]

75. Such persons are "similarly situated" with respect to Defendant's FLSA overtime violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation at their regular rate of pay, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

76. Named Plaintiff and the members of the FLSA Collective, having willfully not been paid at least the federal overtime wage for the overtime hours they worked for Defendant pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

77. Named Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations of Defendant in one or more workweek(s) during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal overtime wages owed.

78. Named Plaintiff and the members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Named Plaintiff and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including but not limited to unpaid wages, liquidated damages, costs, and attorneys' fees.

[6] Named Plaintiff reserves the right to amend the definition of to whom he seeks to have provided with Court-authorized notice based upon further investigation and discovery.

79. Throughout his employment with Defendant, Named Plaintiff was subjected to the same timekeeping and payroll policies and practices by Defendant that led to less overtime wages paid than overtime hours worked as were other members of the FLSA Collective.

80. Named Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf as well as his own.

81. This action is brought pursuant to 29 U.S.C. § 216(b) of the FLSA and seeks unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former non-exempt employees are similarly situated regarding their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

82. Issuing notice to the FLSA Collective pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in" to the same.

83. Named Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purposes of notice and other things related to this action, the FLSA Collective's names, mailing addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

84. Court-supervised notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the

resolution of common issues of law and fact, including, *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of statutory overtime wages.

85. Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b)—by Court order—is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in" to the same.

86. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

87. The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that it was required to maintain pursuant to the FLSA. Named Plaintiff cannot yet state the exact number of similarly situated persons but avers, upon information and belief, that the group of potential members of the FLSA Collective consists of approximately several hundred or more persons.

## VI. CAUSE OF ACTION

### COUNT I
### (29 U.S.C. § 207 – FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME COMPENSATION)

88. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

89. This claim is brought as a collective action by Named Plaintiff on behalf of herself and other members of the FLSA Collective against Defendant, which is comprised of individuals who may join this case pursuant to 29 U.S.C. § 216(b).

90. The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

91. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective.

92. Named Plaintiff and the FLSA Collective were paid as non-exempt employees.

93. During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the FLSA Collective worked in excess of forty (40) hours in one or more workweek(s), but they were not fully paid for all overtime compensation as a result of one or more of Defendant's policies and/or practices as alleged above.

94. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to pay overtime for all hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policies and/or practices described herein.

95. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

96. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective are entitled.

97. The exact total amount of overtime compensation that Defendant has failed to pay Named Plaintiff and the FLSA Collective is unknown at this time, as many of the records necessary to make such precise calculations are believed to be in the possession of Defendant.

98. Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Named Plaintiff and the FLSA Collective was neither reasonable nor in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

99. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the FLSA Collective were injured in that they did not receive all wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff respectfully prays that this Honorable Court:

A. Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation as well as all payroll, remuneration, timekeeping, and related records necessary to determine similarly situated individuals;

B. Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, mailing addresses, telephone numbers, and email addresses of the FLSA Collective;

C. Issue Court-approved notice to similarly situated persons, informing them of this action and their ability to opt in and become part of the FLSA Collective as well as enabling them to opt in;

D. Toll the statute of limitations for all members of the FLSA Collective from the date on which this matter was initially filed until the date on which they file consents to join;

E. Find that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

F. Enter judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

G. Enter judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

H. Award to Named Plaintiff and the FLSA Collective prejudgment interest, post-judgment interest, and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

I. Award to Named Plaintiff a service award for her efforts in remedying various pay policies/practices as outlined above;

J. Award to Named Plaintiff and the FLSA Collective attorneys' fees required for prosecution of this action, expert fees, and reimbursement of all costs and expenses;

K. Grant Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

L. Declare judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

M. Award such other and further relief as this Court may deem equitable, necessary, just, or proper.

Respectfully submitted,

*<u>/s/ Daniel I. Bryant</u>*
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
4400 N. High St., Suite 310
Columbus, Ohio 43214
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

Esther E. Bryant (0096629)
**BRYANT LEGAL, LLC**
3450 W Central Ave., Suite 370

*<u>/s/ Matthew J.P. Coffman</u>*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Tristan T. Akers (0102298)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com

Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Ebryant@bryantlegalllc.com

takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and other members of the proposed FLSA Collective*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Daniel I. Bryant*
Daniel I. Bryant